Filed 10/20/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B313694 |
| Plaintiff and Respondent, | (Super. Ct. No. CR47771) |
| | (Ventura County) |
| v. | |
| TERRY PAUL SCHELL, | |
| Defendant and Appellant. | |

Terry Paul Schell joined in an "eight against one" gang assault resulting in the victim's death. While his cohorts used a baseball bat, a shovel, and a knife, appellant pummeled the victim with his fists and feet. The trial court found that this participation in the gang assault resulting in death is an implied malice murder. We agree.

Appellant unsuccessfully appeals the trial court's order denying his petition for resentencing on his 2001 second degree murder conviction pursuant to Penal Code section 1172.6 (former § 1170.95).[1] Following an evidentiary hearing, the trial court

---

[1] All statutory references are to the Penal Code.

found, beyond a reasonable doubt, that there was substantial evidence to support a finding of second degree implied malice murder. Appellant contends among other things that the evidence is insufficient to support that finding.

*Factual Background*

In 1999, 18-year-old William Zara was beaten to death by a group of at least eight people affiliated with the Ventura Avenue Gang. He was attacked because gang members thought that he had called the police complaining that the gang was disturbing the peace. Zara initially used a baseball bat to fend off the attack. One of the attackers, Benny Lopez, took the bat away from Zara and beat him with it. Another attacker hit Zara with a shovel. Appellant participated in the attack with his fists and feet. He was so close to Zara during the attack that Zara's blood was deposited on his clothing. Zara was also stabbed three times and appellant told a friend that he "shanked" Zara. The People could not prove that appellant used a knife to stab Zara, but as we shall explain, the trial court did not find that appellant used a knife during the attack.

*1172.6 Petition and Hearing*

In 2020, appellant filed a section 1172.6 petition for resentencing. The trial court found appellant had made a prima facie showing for relief, issued an order to show cause, and subsequently held an evidentiary hearing in accordance with section 1172.6, subdivision (d).

Neither party offered any new or additional evidence at the evidentiary hearing. The prosecution argued that appellant was guilty of second degree implied malice murder because, among

Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no changes in text (Stats. 2022, ch. 58, § 10).

2

other things, he participated in the assault on Zara by hitting, kicking, and stabbing him.  Appellant replied that the evidence was insufficient to support his conviction on that theory or that he had stabbed Zara during the incident.  Appellant also asserted that the People should be estopped from arguing that appellant stabbed Zara because during closing argument the prosecutor had conceded that the evidence was insufficient to support such a finding.  The prosecution countered that the People were not precluded from arguing different theories of guilt at the section 1172.6 evidentiary hearing, and that even if the evidence did not show appellant stabbed Zara the facts presented at trial were sufficient to prove he was guilty of second degree implied malice murder.

*Trial Court Ruling*

At the conclusion of the hearing, the trial court found beyond a reasonable doubt, that the evidence supports a finding of second degree implied malice murder.  Accordingly it denied the petition.  It noted that although the evidence did not show that appellant and his accomplices brought the shovel and bat to the crime scene, once they obtained those items "it doesn't take much time to form the intent to use those weapons and they certainly did."

After noting that the original judge who had presided at trial indicated at sentencing that he was not convinced beyond a reasonable doubt that appellant had stabbed Zara, the trial court made clear that its ruling on the section 1172.6 petition "does not depend on the knife" and that the other evidence supports a second degree implied malice murder because it was "pretty darn convincing."  The trial court reasoned:  "I am persuaded beyond a reasonable doubt that [appellant's] participation was more than

3

mere presence. He was standing shoulder to shoulder with the people [who] were w[i]elding weapons that crushed [the] victim's skull, that he actively participated in battering the victim with at least his hands or his feet and then, in the process, . . . personally inflicted, great bodily injury on the victim and personally contributed to or participated in the ultimate death of [the] victim." In finding beyond a reasonable doubt that appellant had acted with a conscious disregard for Zara's life, the trial court noted that appellant "was right there, close enough to get blood on him[self]."

*Sufficiency of the Evidence*

As indicated, appellant's sufficiency of the evidence contention fails. Section 1172.6, which was enacted "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats., 2018, ch. 1015, § 1, subd. (f).)

Section 189, as amended, now provides that in cases where a death occurs during the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), a person is liable for murder only if the person was the actual killer, the person acted with intent to kill in aiding, assisting, or soliciting the killer, or if the person "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3).) Our Supreme Court has recognized, however, that "notwithstanding [SB] 1437's elimination of natural and probable consequences liability for second degree murder, an aider and abettor who does not expressly intend to aid a killing can still be

4

convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life." (*People v. Gentile* (2020) 10 Cal.5th 830, 850 (*Gentile*).)

After issuance of an order to show cause, the trial court sits as a trier of fact on a section 1172.6 petition. Its factual finding of second degree implied malice murder is reviewed for substantial evidence. (*People v. Owens* (2022) 78 Cal.App.5th 1015, 1022.) Accordingly, "we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the [trier of fact] could reasonably have deduced from the evidence." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; *Owens*, at p. 1022.) In conducting this review, "'"[w]e resolve neither credibility issues nor evidentiary conflicts . . . ." [Citation.]' [Citation.]" (*Owens*, at p. 1022.)

The theory of second degree implied malice murder, remains valid notwithstanding the recent changes effected by Senate Bill No. 1437 (SB 1437) and Senate Bill No. 775 (SB 775). (*Gentile*, *supra*, 10 Cal.5th at p. 850; *People v. Powell* (2021) 63 Cal.App.5th 689, 714; *People v. Glukhoy* (2022) 77 Cal.App.5th 576, 599-600 (*Glukhoy*).) Pursuant to this theory, "an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life." (*Gentile*, at p. 850.)

Appellant was one of at least eight gang members or gang associates who participated in a vicious assault upon the victim. The trial court could reasonably infer that appellant knew Zara was repeatedly being hit in the head with a shovel and bat and that he intended to aid those acts by participating in the assault.

5

The blows to Zara's head were loud enough to be heard by several neighbors, some of whom heard someone yell "[s]top it" and "[y]ou're killing him." Another witness described the group as behaving "like a bunch of rats going for cheese." While appellant was participating in the attack, his pants, underwear, and jacket were stained with Zara's blood.

Appellant's presence at the scene, his participation in the attack on the victim, his companionship with other perpetrators, his conduct before and after the crimes, and his motive of retaliation for disrespect all support the finding that he aided and abetted an implied malice murder. (See *Glukhoy*, *supra*, 77 Cal.App.5th at pp. 599-600 [recognizing that circumstances relevant to the determination whether a defendant is guilty of aiding and abetting a crime include presence at the crime scene, his or her companionship and conduct before and after the crime, and motive].) As the People note, "[a]ppellant did not need to specifically know that someone would strike Zara with [a shovel and bat] in that particular manner to be liable under an implied malice theory. It suffices that he knew he was aiding in a violent attack, knew dangerous weapons were being used against Zara, and intended to stop Zara from escaping or defending himself by helping the perpetrators to surround and hit him."

*Remaining Contentions*

Appellant's remaining contentions also lack merit. Although he claims that his eligibility for resentencing "cannot be denied on [the] ground that [he] stabbed [the] victim as he was effectively acquitted of using [a] knife during [the] incident," (capitalization omitted), the trial court made clear that its ruling "does not depend on the knife as part of it." We also reject appellant's assertion that second degree implied malice murder

6

cannot be shown unless the prosecution proved beyond a reasonable doubt that his conduct was a substantial factor in aiding and abetting the actual perpetrators of the murder. Aside from failing to establish that the law imposes any such requirement, the evidence is sufficient to support such a finding because his actions helped prevent Zara from fleeing from his assailants.

We also reject appellant's claim that SB 775 invalidated the theory of aiding and abetting a second degree implied malice murder. The referenced portion of SB 775 merely recognizes that "a person convicted of . . . murder under the natural and probable consequences doctrine or other theory under which malice is *imputed* to a person based solely on that person's participation in a crime" may petition for resentencing. (§ 1172.6, subd. (a), italics added.) Second degree implied malice murder, however, is not based on a theory of imputed malice. "[N]othing in [SB] 775 or its legislative history indicates a rejection of our high court's observation [in *Gentile*] concerning the availability of direct aiding and abetting implied malice murder as a theory of accomplice liability." (*Glukhoy, supra*, 77 Cal.App.5th at p. 591; accord, *People v. Clements* (2022) 75 Cal.App.5th 276, 301; *People v. Langi* (2022) 73 Cal.App.5th 972, 983.) Appellant's claim that aiding and abetting implied malice murder is akin to provocative act murder fails because provocative act murder requires a showing that the defendant personally harbored malice. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 868; *People v. Johnson* (2020) 57 Cal.App.5th 257, 266.)

Finally, we reject appellant's claim that the so called "canon of constitutional doubt" precluded the trial court from finding guilt of second degree murder on a theory that was not

7

presented at trial.[2]  This claim was not raised below and is thus forfeited.  Also, the jury in appellant's case was instructed on both implied malice and aiding and abetting and the prosecutor's theory was and is that appellant acted with implied malice.  Moreover, the claim, as we understand it, lacks merit.  Interpreting section 1172.6 to allow the prosecution to present different theories of guilt at the evidentiary hearing does not implicate constitutional concerns.  Courts have unanimously held that section 1172.6 is an act of lenity in which the petitioner has no Sixth Amendment right to a jury trial.  (See, e.g., *People v. James* (2021) 63 Cal.App.5th 604, 611.)  It has also been recognized that allowing the prosecution to offer new theories of guilt at the hearing does not implicate double jeopardy concerns. (*People v. Flint* (2022) 75 Cal.App.5th 607, 618.)

Although appellant contends that allowing the prosecution to present a new theory of guilt in this context implicates his due process rights, he had a full and fair opportunity to present new and additional evidence at the evidentiary hearing but declined to do so.  As the People aptly put it, "[B]ecause a section [1172.6] evidentiary hearing does not subject a defendant to the risk of additional punishment, is not a trial, permits both parties to present new evidence, and merely considers whether the

_____

2  Pursuant to the canon of constitutional doubt, "'"[i]f a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional in whole or in part, or raise serious and doubtful constitutional questions, the court will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety, or free from doubt as to its constitutionality, even though the other construction is equally reasonable."'" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1373.)

defendant's request for leniency meets the necessary criteria, there is no constitutional problem in allowing new theories of murder liability at that hearing."

## DISPOSITION

The judgment (order denying petition for resentencing) is affirmed.

CERTIFIED FOR PUBLICATION.


YEGAN, J.


We concur:


GILBERT, P. J.


BALTODANO, J.

9

David R. Worley, Judge
Superior Court County of Ventura
_____


Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.